

Priority    X̲
Send        ̲
Enter       ——
Closed      ——
JS-5/JS-6   ——
JS-2/JS-3   ——
Scan Only   ——

FILED
CLERK, U.S DISTRICT COURT

SEP 15 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

DOCKETED ON CM

SEP 15 2006

049

BY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTA MILLENDER, et al., ) | CASE NO. CV 05-2298-DDP (RZx) |
| Plaintiff, ) | Referred for settlement proceedings to Magistrate Judge Ralph Zarefsky |
| vs. ) | |
| COUNTY OF LOS ANGELES, et al., ) | ORDER RE SETTLEMENT CONFERENCE |
| Defendants. ) | |

## **PLEASE READ THIS ORDER CAREFULLY!**

### (Revised March 2006)

This case has been referred to Magistrate Judge Ralph Zarefsky for settlement proceedings.

The Settlement Conference is placed on calendar for **October 26, 2006, 2006,** at 1:30 p.m., Courtroom 540, Fifth Floor, 255 East Temple Street, Los Angeles, California 90012.

The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference.

49

1        1.     The purpose of the Settlement Conference is to permit an informal

2  discussion between the attorneys, parties, non-party indemnitors or insurers, and the

3  settlement judge, of every aspect of the case bearing on its settlement value.

4        2.     Pursuant to Local Rule 16-14.8[1], all settlement proceedings shall be

5  confidential and no statement made therein shall be admissible in any proceeding in the

6  case, unless the parties otherwise agree.

7        3.     Lead counsel who will try the case must be present.  In addition, a

8  person with full settlement authority should likewise be present for the conference.  This

9  requirement contemplates the physical presence of the party, or, if a corporate or

10  governmental entity, of an authorized and knowledgeable representative of your client.[2]

11  The plaintiff's representative must have full and final authority, <u>in the representative's sole</u>

12  <u>discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement

13  amount recommended by the settlement judge down to the defendant's last offer made

14  prior to the settlement conference.  The defendant's representative must have final

15  settlement authority to commit the defendant to pay, <u>in the representative's sole discretion</u>,

16  a settlement amount recommended by the settlement judge up to the plaintiff's prayer

17  (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the

18  settlement conference, whichever is <u>lower</u>.

19        The purpose of this requirement is to have representatives present who can

20  settle the case during the course of the conference without consulting a superior.

21        4.     If Board approval is required to authorize settlement, the attendance

22  of at least one sitting and knowledgeable member of the Board (preferably the Chairman)

23  is <u>absolutely required</u>.

24  ———————————————

25    [1]   All Local Rules referenced are effective December 1, 2003.

26    [2]   However, if this matter is a lawsuit in which the United States or any of its agencies is a party, the Assistant United States Attorney who will try the case may appear without a representative, provided

27  that he or she comes armed with the full measure of authority conveyed by his or her superiors within the United States Attorney's Office after appropriate consultation.

28

5.    Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be canceled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6.    Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also should have a settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by the settlement judge within the policy limits.  The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior.  An insurance representative authorized to pay, in his or her sole discretion, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.    The settlement judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.  The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. Violation of this policy may be misleading and therefore a hindrance to settlement.

8.    Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

9.    In order to provide the parties with a starting point for their settlement discussions with the Magistrate Judge, plaintiff shall advise defendant(s) of the terms upon which plaintiff then is prepared to settle the case, in a letter delivered by hand or faxed no later than 4:00 p.m. ten court days before the settlement conference. Each defendant shall respond to the same by letter advising plaintiff of the terms upon which such defendant is prepared to settle the case no later than two court days later.

10.    No later than 12:00 p.m. one week before the conference, each party shall submit a Settlement Conference Statement directly to the chambers of Magistrate Judge Zarefsky (Room 530). The parties shall exchange the Statements on the same date. The Statements should not be filed with the Clerk of the Court, and they will not be made part of the case file. The Statements shall be double-spaced and shall not exceed ten (10) pages in length.

The parties' respective Settlement Conference Statements shall include the following:

A.    A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded. This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B.    An itemized statement of the damages claimed, and of any other relief sought.

C.    A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

D.    A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged pursuant to ¶ 10 above.

11.    Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered directly to Magistrate Judge Zarefsky only, along with the Settlement Conference Statement. The Confidential Addendum shall

1  not be filed with the Court or served upon the other parties.  The Confidential Addendum

2  shall contain:

3          A.      A forthright evaluation of the party's likelihood of prevailing on

4  each of its claims and/or defenses.

5          B.      The approximate amount of attorney's fees, time and costs

6  expended to date, and an estimate of the fees, time and costs to be expended for (i) further

7  discovery, (ii) pretrial and (iii) trial.

8          C.      The party's evaluation of the terms on which the case could be

9  settled fairly, taking into account the litigation position and settlement position of the other

10  side.

11          12.     Any failure of the trial attorneys, parties or persons with authority to

12  attend the conference will result in sanctions to include the fees and costs expended by the

13  other parties in preparing for and attending the conference.  Failure to timely deliver a

14  Settlement Conference Statement and Confidential Addendum, or otherwise comply with

15  this Order, will also result in sanctions being imposed.

16          13.     After the exchange of offers and prior to the conference, lead counsel

17  for the parties shall meet in person for not less than 90 minutes, to discuss the offers and

18  any possible ways of settling the action.

19          14.     At the commencement of the conference, each party through counsel

20  may be required to make an oral presentation (not to exceed 10 minutes) of the relevant

21  facts and law, in the presence of all parties and counsel.

22          15.     If settlement between any or all parties is reached as a result of the

23  Settlement Conference, it is the responsibility of all counsel to immediately report the

24  ///

25  ///

26  ///

27  ///

28  ///

1  settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize

2  the settlement. <u>See</u> Local Rule 16-14.7.

3

4  DATED:  September 15, 2006

5

6  _____
   RALPH ZAREFSKY

7  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28