O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AUGUSTA MILLENDER, deceased, BRENDA MILLENDER, WILLIAM JOHNSON,<br><br>     Plaintiffs,<br><br>   v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>     Defendants. | Case No. CV 05-02298 DDP (RZx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION, AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Docket Nos. 150 & 151] |

Presently before the court are Plaintiffs' Motion for Summary Adjudication ("MSA Motion") and Motion for Reconsideration ("MTR Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants in part and denies in part the Motion for Summary Adjudication, denies the Motion for Reconsideration, and adopts the following Order.

**I.   BACKGROUND**

   **A.   Summary Judgment Order**

   The facts and procedural history of this case are well-known and largely set forth in the court's March 15, 2007 Order

addressing the parties' cross-motions for summary judgment ("MSJ Order").  Relevant here, the court held as to Plaintiffs' claims under 42 U.S.C. § 1983 that: 1) the search warrant at issue was overbroad in authorizing the seizure of all firearms and any gang-related evidence, but not overbroad with regard to evidence of who controlled the premises, and the participating Defendants were not entitled to qualified immunity for this violation; 2) Defendants had probable cause to believe that the suspect, Jerry Bowen, would be at the Millenders' home, and had sufficient cause for nighttime service of the warrant; 3) Defendants' detention of Plaintiffs was not unreasonable, and Defendants were therefore entitled to qualified immunity on this claim; 4) there were genuine disputes of material fact as to Defendants' forced entry and destruction of property during the SWAT raid, although the individual non-SWAT team Defendants were entitled to qualified immunity on this claim; and 5) Plaintiffs had provided insufficient evidence to support their Monell claims, but the court would defer ruling on these claims given outstanding discovery.  Also relevant here, the court held that: 1) Plaintiffs could seek monetary damages under article I, section 13 of the California Constitution, and the court's analysis of Plaintiffs' § 1983 claims applied equally to this state law claim; and 2) the County of Los Angeles could be held liable under California Civil Code section 52.1 and respondeat superior, depending on the constitutional violations ultimately proven.

    **B.   Ninth Circuit and Supreme Court Decisions**

Defendants appealed from the court's holding that they were not entitled to qualified immunity as to the overbroad search warrant.  The Ninth Circuit upheld the court's determination, en

banc.  The Circuit agreed that: 1) "there was no probable cause for the broad categories of firearm- and gang-related items listed in the search warrant," and the warrant therefore "violated the Millenders' constitutional rights"; and 2) "the warrant was so facially invalid that no reasonable officer could have relied on it," such that "the deputies [were] not entitled to qualified immunity."  <u>Millender v. County of Los Angeles</u>, 620 F.3d 1016, 1031, 1035 (9th Cir. 2010).  The Supreme Court, however, then reversed in part, as to qualified immunity.  <u>See</u> <u>Messerschmidt v. Millender</u>, 132 S. Ct. 1235, 1250-51 (2012) ("The judgment of the Court of Appeals denying the officers qualified immunity must therefore be reversed.").

     Specifically, the Supreme Court held that the officers were entitled to qualified immunity because "it would not have been entirely unreasonable for an officer to believe, in the particular circumstances of this case, that there was probable cause" to search for the materials at issue.  <u>Id.</u> at 1246 (internal quotation marks omitted); <u>see also</u> <u>id.</u> at 1249 ("The officers' judgment that the scope of the warrant was supported by probable cause may have been mistaken, but it was not plainly incompetent." (internal quotation marks omitted)).  In making this determination, the Court emphasized the serious danger involved, as the alleged crime was a "spousal assault <u>and</u> an assault with a deadly weapon," by a "known Mona Park Crip gang member."  <u>Id.</u> at 1247 (internal quotation marks omitted).  The Court also emphasized that "the warrant had been reviewed and approved by the officers' superiors, a deputy district attorney, and a neutral magistrate."  <u>Id.</u> at 1249.  As the Court explained, a neutral magistrate judge's issuance of a warrant

3

confers a "shield of immunity," with an exception where "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." Id. at 1245 (internal quotation marks omitted); see also id. ("The shield of immunity . . . will be lost, for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (internal quotation marks and citation omitted)).

    The Supreme Court, however, did not reverse the holding by this court and the Ninth Circuit that the warrant was overbroad. See id. at 1244 ("The validity of the warrant is not before us. The question instead is whether Messerschmidt and Lawrence are entitled to immunity from damages, even assuming that the warrant should not have been issued."); id. at 1250 ("The question in this case is not whether the magistrate erred in believing there was sufficient probable cause to support the scope of the warrant he issued. It is instead whether the magistrate so obviously erred that any reasonable officer would have recognized the error."). This distinction between the constitutional violation and qualified immunity for the officers is _critical_, because the Court's decision has already been cited incorrectly by the government in cases before this court, including this case. (See Defs.' Opp'n to MSA Mot. at 6 ("[T]he Supreme Court implicitly found there was probable cause for the issuance of the warrant . . . ."). Again, the Supreme Court held _only_ that the officers were entitled to qualified immunity. Thus, the Ninth Circuit's en banc holding that the warrant was unconstitutionally overbroad remains the law. In short, the Supreme Court's holding as to reasonableness in the

4

qualified immunity context <u>cannot</u> be bootstrapped into the probable cause analysis for a warrant's constitutionality, so as to move the law into the unacceptable territory of general warrants.

**II. DISCUSSION**

In their Motion for Summary Adjudication, Plaintiffs make three arguments: 1) although the court previously deferred ruling on the issue, Plaintiffs are now entitled to summary adjudication on the County's <u>Monell</u> liability; 2) likewise, Plaintiffs are now entitled to summary adjudication on their respondeat superior claim under California Civil Code section 52.1 ("Section 52.1"); and 3) Plaintiffs are entitled to summary adjudication for the alleged violations of article I, section 13 of the California Constitution. In their Motion for Reconsideration, Plaintiffs further contend that intervening law and new representations by Defendants establish that, contrary to the court's prior MSJ Order, Defendants lacked sufficient cause for nighttime service of the warrant.

Defendants respond that nothing has changed to disturb this court's finding that Plaintiffs have provided insufficient evidence of <u>Monell</u> liability. Defendants also argue that the warrant's overbreadth cannot be the basis for Plaintiffs' Section 52.1 claim, because it lacks the required "threats, intimidation, or coercion." Defendants further insist, contrary to the court's MSJ Order, that there is no private cause of action for damages under article 1, section 13 of the California Constitution, and that the court has not yet ruled on the merits of this claim. Last, Defendants contend that no new facts or law justify reconsideration of the court's ruling on nighttime service.

///

**A.   Monell Liability**

As discussed, this court held in its prior MSJ Order that Plaintiffs had not provided sufficient evidence of a County custom or policy for Monell liability. The court, however, deferred granting summary adjudication to Defendants, in light of Plaintiffs' contention that outstanding discovery would support their Monell claims.

Plaintiffs' only basis for a different outcome now is that Defendants allegedly have made certain admissions and representations since the MSJ Order. The court finds that none of Defendants' post-Order statements change the Monell analysis. In particular, Defendants' contention on appeal that the warrant was supported by probable cause and therefore not overbroad is irrelevant, as this was a legal argument, not an admission of any County custom or policy. On the other hand, defense counsel's dialogue with Chief Judge Kozinski on appeal may have some evidentiary value, as counsel arguably suggested that it was still the County's position that the officers had acted appropriately. Likewise, that Officer Messerschmidt testified in deposition that he acted in accordance with his training, and that the County allegedly never reprimanded the officers or took any remedial steps, may provide some evidence of a County custom or policy. However, this evidence is still not sufficient to establish Plaintiffs' Monell claims as a matter of law. The court therefore denies Plaintiffs' Motion as it relates to Monell liability.

**B.   California Civil Code Section 52.1**

As discussed, this court also deferred ruling on Plaintiffs' Section 52.1 claim against the County for respondeat superior

6

liability, because it would turn on the constitutional violations ultimately proven. Plaintiffs argue, however, that they previously requested summary adjudication of this claim "based on the entry and search," and now instead seek summary adjudication because the unconstitutionally overbroad warrant "was accompanied by threats, intimidation and coercion in the form of the SWAT team breaking into the Millender home." (Pls.' Reply in Supp. of MSA Mot. at 8.) Regardless, the court again finds that Plaintiffs are not entitled to summary adjudication on this claim. As the court explained in its MSJ Order, material facts are in dispute as to the lawfulness of Defendants' actions during the SWAT team's forcible entry. If the entry was lawful, it cannot constitute the "threats, intimidation, or coercion" required by Section 52.1.

**C.  California Constitution, Article I, Section 13**

Plaintiffs further ask for a ruling as a matter of law that the County violated article I, section 13 of the California Constitution. As Plaintiffs explain, granting this request would simply clarify the prior MSJ Order, where the court held that: 1) a private action for damages was available for this claim; 2) as the parties agreed, the court's "findings on the probable cause and unreasonable search and seizure claims in regard to the federal constitutional claims should apply equally to the state claims"; and 3) Defendants did in fact violate the U.S. Constitution, through their overbroad warrant. (MSJ Order at 84-85, 49.) In response, Defendants largely attempt to reargue the issue of whether a private action for damages is available. The court has already ruled in the affirmative. Accordingly, because Defendants violated the U.S. Constitution through the overbroad warrant, they

7

thereby violated the California Constitution as well.[1]  Plaintiffs are therefore entitled to summary adjudication on this claim.

**D.   Nighttime Service**

Finally, in their Motion for Reconsideration, Plaintiffs argue that the court should reconsider its MSJ Order and find the nighttime service of the warrant unconstitutional.  First, Plaintiffs contend that the Ninth Circuit recently set forth a new standard for nighttime SWAT service, in Bravo v. City of Santa Maria, 665 F.3d 1076 (9th Cir. 2011).  Assuming that Bravo established new law, the court has already held that Bravo's standard was met here.  Specifically, after explaining that nighttime SWAT service requires "a heightened standard of justification," Bravo applied the same "exigent circumstances" standard as for a "no-knock entry."  Id. at 1084-86; see also id. at 1085 ("A nighttime incursion by a SWAT force is a far more serious occurrence than an ordinary daytime intrusion pursuant to a regular warrant and therefore requires higher justification beyond mere probable cause to search.").  Exigent circumstances "include when officers 'have a reasonable suspicion that knocking and announcing their presence [or, presumably, executing a search during the day], under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.'"  Id. at 1085-86 (quoting Richards v. Wisconsin, 520 U.S. 385, 394 (1997)).

---

[1] As the court previously explained, qualified immunity does not apply to Plaintiffs' state law claims, because they are alleged only against the County, not against any of the individual Defendants.  (See MSJ Order at 35 n.8, 37 n.9.)

8

Here, this court held in its prior MSJ Order that nighttime service was justified because: "The facts in the affidavit, that Bowen physically assaulted his girlfriend, shot at his girlfriend with a black sawed-off shotgun, had violent tendencies, had assaulted his girlfriend in the past, and was a member of the Mona Park Crip gang, were sufficient to show the likelihood that he would also use violence against officers." (MSJ Order at 40.) The court concluded that these specific facts showed a necessity for service of the warrant at night, rather than during the day. (Id.) Given the legitimate and particularized concern for officer safety, the court concludes that these facts also satisfy the exigent circumstances standard set forth in Bravo for nighttime service.

Finally, the court declines to reconsider its ruling on the basis of Defendants' alleged arguments on appeal "that the warrant was justified because the location searched was Bowen's 'residence.'" (Mot. at 14.) The court has already addressed in detail whether Defendants had probable cause to believe Bowen could be found at the Millender residence, considering, in particular, the alleged misrepresentations in and omissions from the warrant affidavit. (See MSJ Order at 23-37.) Defendants' arguments on appeal do not change the court's analysis or conclusion that Officer "Messerschmidt acted reasonably as a matter of law . . ., such that there was no constitutional violation." (Id. at 34.)

**III. CONCLUSION**

For all of these reasons, the court hereby DENIES Plaintiffs' Motion for Summary Adjudication as to their claims under Monell and California Civil Code section 52.1. The court also DENIES Plaintiffs' Motion for Reconsideration. The court, however, GRANTS

9

Plaintiffs' Motion for Summary Adjudication as to their claim against the County under article I, section 13 of the California Constitution.

IT IS SO ORDERED.

Dated: August 24, 2012

DEAN D. PREGERSON
United States District Judge