O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTA MILLENDER, BRENDA MILLENDER, WILLIAM JOHNSON, <br><br>            Plaintiffs, <br><br>     v. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al. <br><br>            Defendants. | ) Case No. CV 05-02298 DDP (RZx) <br> ) <br> ) ORDER GRANTING IN PART AND <br> ) DENYING IN PART DEFENDANTS' <br> ) MOTION FOR SUMMARY JUDGMENT <br> ) <br> ) [Dkt. No. 234] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Presently before the court is Defendants' Motion for Summary Adjudication of Monell Claim. Having considered the parties' submissions and heard oral argument, the court GRANTS IN PART AND DENIES IN PART the motion.

The court's orders of March 15, 2007, ("2007 Order") and August 24, 2012, ("2012 Order") present in detail the factual history of this case and the legal standard. In the 2007 Order, in relevant part, the court denied Plaintiffs' Motion for Summary Judgment on the Monell claims, deferred ruling on Defendants' Motion for Summary Judgment with respect to the Monell claims, and

found that as a matter of law, the search warrant at issue was overbroad in authorizing the seizure of all firearms and any gang-related evidence.  The 2007 Order also denied Defendants qualified immunity.  On appeal, the Ninth Circuit agreed that "there was no probable cause for the broad categories of firearm- and gang-related items listed in the search warrant," and therefore "the search warrant violated the Millenders' constitutional rights." Millender v. County of Los Angeles, 620 F.3d 1016, 1031.  The Ninth Circuit affirmed the denial of qualified immunity. Id. at 1035. The Supreme Court reversed as to qualified immunity but did not reverse the holding that the warrant was overbroad. Messerschmidt v. Millender, 132 S. Ct. 1235, 1250-51, 1244 ("The validity of the warrant is not before us.  The question instead is whether Messerschmidt and Lawurence are entitled to immunity from damages, even assuming that the warrant should not have been issued.").

    Defendants now move for summary judgment on Plaintiffs' Monell claims.  As stated on the record, the court DENIES the motion with respect to Plaintiffs' Monell claims regarding the overbroad warrant.  Plaintiffs have presented evidence creating a genuine issue of fact as to whether the county has a policy or custom of issuing overbroad warrants.  Specifically, Plaintiffs have presented evidence creating an issue of fact as to whether (1) the county has a policy or custom of issuing warrants to search for a broad range of guns and gun-related accessories when there is probable cause to search for a particular gun, and (2) the county has a policy of issuing warrants to search for gang-related materials where there is no probable cause that a crime is gang-related.  This evidence is discussed in detail on the record.

1    The court GRANTS Defendants' motion with respect to
2 Plaintiffs' Monell claims pertaining to the allegedly unlawful
3 entry.  The court finds that there is no issue of fact as to
4 whether the county has a policy of unlawful entry.  Plaintiffs have
5 presented evidence of testimony from the lieutenant in charge of
6 the SWT section of SEB, the incident commander, Defendants' expert,
7 the SWAT team leader, and other officers on the SWAT team, that all
8 actions of the deputies in the course of their entry into the
9 Millenders' house were in accordance with department policy and
10 training.  Without more, this is insufficient to establish a County
11 policy.  First, because all of Plaintiffs' evidence pertains to the
12 single incident, the court cannot discern what the purportedly
13 unconstitutional policy is.  Additionally, even if the jury
14 ultimately finds that the entry was unconstitutional, Plaintiffs
15 have presented no evidence of other such entries, however the
16 policy is characterized, and thus no evidence beyond this
17 particular incident.  Plaintiffs cannot "prove the existence of a
18 municipal policy or custom based solely on the occurrence of a
19 single incident of unconstitutional action by a non-policymaking
20 employee."  Davis v. City of Ellensburg, 869 F.2d 1230, 1233-34
21 (9th Cir. 1989)(citing City of Oklahoma City b. Tuttle, 471 U.S.
22 808, 823-24 (1985)).
23    The court has already found that there is a question of fact
24 as to the constitutionality of the deputies' entry.  (2007 Order at
25 55.)  However, Plaintiffs have not met their burden in establishing
26 ///
27
28

an issue of fact with respect to the County's policy regarding entry. Therefore, the court grants summary judgment in favor of Defendants on this issue.

IT IS SO ORDERED.

Dated: July 29, 2013

DEAN D. PREGERSON
United States District Judge

4